KAEMPFER CROWELL
Louis M. Bubala III, Bar No. 8974
50 W. Liberty Street, Suite 1100
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

KAEMPFER CROWELL
Isabella Goldsmith, Bar No. 16870
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: igoldsmith@kcnvlaw.com

*Attorneys for Defendant Madison Advance LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS CARUSO,<br><br>          Plaintiff,<br><br>vs.<br><br>MADISON ADVANCE LLC, HIGHLAND HILL CAPITAL, LLC, ANDREW VERSACE, SCOTT FEDERICO, TRISTAN BLOOM, GLENN BERMAN, SIGNET CAPITAL GROUP LLC, and AJ CHAIT,<br><br>          Defendants. | Case No. 2:25-CV-00888-APG-MDC<br><br>**OPPOSOTION TO:**<br>**--MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 6]**<br>**AND**<br>**--MOTION FOR PRELIMINARY INJUNCTION [DKT. 7];**<br><br>**AND**<br><br>**CROSS-MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>Hearing Date: June 20, 2025<br>Hearing Time: 2:00 p.m.<br>Hearing Location: Courtroom 6C<br>        Lloyd D. George U.S. Courthouse<br>        333 Las Vegas Blvd. S.<br>        Las Vegas, NV 89101 |

## INTRODUCTION

Madison requests this Court deny Plaintiff's claim for injunctive relief and grant its motion to dismiss for improper venue. This Court should not exercise its authority over Plaintiff's claims as the exercise is inequitable to Madison. First, Plaintiff has failed to demonstrate that injunctive relief is warranted or appropriate in this case, as the alleged harm is purely monetary and does not constitute irreparable harm. Plaintiff also lacks standing to assert potential harm on behalf of a non-party, Emjai LLC d/b/a Maxx's Food & Drink and Oasis Boutique Motel ("Emjai"). Second, Plaintiff is bound by a forum selection clause that requires litigation be conducted in New York. And third, pursuant to that clause, there is ongoing litigation and a recent entry of judgment in New York state court based on the same facts alleged in this action.

Madison requests that this Court deny Plaintiff's claims for injunctive relief and dismiss the action pursuant to Fed. R. Civ. P. 12(b)(3). In the alternative, Plaintiff's claims should be transferred to the proper venue pursuant to the forum selection clause in the parties' agreement and heard in the Southern District of New York. In the interest of equity, this Court should enforce the terms of the agreement between Madison and Plaintiff and find that dismissal of this action is both judicially efficient and fair. Plaintiff should be compelled to raise any claims as counterclaims in the ongoing state court action in New York.

## FACTUAL BACKGROUND

On or about March 20, 2025, Madison and Emjai entered into an agreement whereby Madison agreed to purchase rights to Emjai's future receivables for an agreed upon value of $37,475.00. Ex. 1, MCA Agreement dated March 20, 2025; Ex. 2, Verified Compl. filed by Madison Advance LLC in NY State Court (Index No. 515088/2025). Pursuant to that agreement, Emjai agreed to exclusively use one bank account approved by Madison, into which Emjai agreed to deposit all of its receipts and from which Madison was authorized to make periodic ACH

withdrawals until the $37,475.00 was fully paid to it. Ex. 2 Verified Compl. at ¶6.

The agreement provided that if: (a) Emjai, without Madison's prior authorization, used a bank account other than the account or closed the account; (b) Emjai failed to give Madison the required advance notice to prevent an ACH withdrawal from being dishonored for insufficient funds; and/or, (c) Madison is otherwise prevented from making any agreed upon ACH withdrawal, then Emjai was in default of the agreement. *Id*. at ¶7. In addition, the guarantor, Plaintiff in this action, agreed to guarantee any and all amounts owed to Madison from Emjai upon Emjai's breach in performance of its agreement obligations. *Id*. at ¶8.

Madison remitted the purchase price for the future receivables to as agreed and thereby fulfilled all of its agreement obligations. *Id*. at ¶9.

On or about May 01, 2025, Plaintiff blocked Madison's access to the account thereby preventing it from making the agreed upon ACH withdrawals and, as such, defaulted under the terms of the agreement. *Id*. at ¶10. Emjai made payments totaling $11,715.00 leaving a balance of $25,760.00. *Id*. at ¶11. Additionally, Plaintiff is responsible for all amounts incurred as a result of any default in the agreement by Emjai. *Id*. at ¶12. There remains a balance due and owing to Madison on the agreement in the amount of $25,760.00 plus interest at the statutory rate, costs, disbursements and attorney's fees. *Id*. at ¶13.

Plaintiff does not name Emjai as a plaintiff in this action (ECF 10). As described in detail below, Plaintiff, as a *pro se* party, cannot represent Emjai's interests, and his request for injunctive relief for the benefit of Emjai is invalid and ineffective.

Plaintiff alleges that Madison acted in coordination with other named defendants in this action, without providing any admissible evidence showing as much. In addition, he alleges Madison Advance participated in or orchestrated a scheme to defraud him through "false consolidation loans and off-book funding demands." (ECF 10, ¶13.) Plaintiff fails to recognize the

KAEMPFER CROWELL

error in his own complaint, in which he admits to signing the agreement he now calls for the Court to prevent from remaining in effect. (ECF 10 at ¶17). Plaintiff's decision to file a complaint in this Court is likely a forum shopping, and an attempt to dodge judgment that should not be tolerated.

## ARGUMENT

**A. Injunctive Relief is not Appropriate Here Because the Harm Alleged is Not Ongoing and is Purely Monetary.**

Plaintiff's claim for injunctive relief fails because the harm he alleges is not ongoing and monetary damages cannot be the sole basis for the "irreparable harm" prong of assessing injunctive relief. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008). "[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). It is well settled that a temporary restraining order is intended to preserve the *status quo* and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny-Good Foods, Inc. v. Bhd. Of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing of a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

To grant a preliminary injunction, courts in the Ninth Circuit must assess "(1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief." *Owner-Operator Indep. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004).

"The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential

for prevailing on a temporary restraining order." *Juarez v. Asher*, 556 F. Supp.3d 1181, 1191 (W.D. Wash. 2021) (citing *Caribbean Marine Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988)). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Carribean Marine Servs.*, 844 F.2d at 674. "Subjective apprehensions and unsupported predictions . . . are not sufficient to satisfy a plaintiff's burden of demonstrating an immediate threat of irreparable harm." *Id*. at 675-76. Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation. *Idaho v. Couer D'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) (citing *Sampson v. Murray*, 415 U.S. 61, 61-62 (1974)).

   1. **Plaintiff Failed to Demonstrate Irreparable Harm.**

Plaintiff seeks to restrain Madison from "debiting Plaintiff's accounts" through injunctive relief, amongst other requests. (ECF #10, ¶135.) Plaintiff fails to meet his burden of establishing irreparable harm because the harm alleged is impossible; Plaintiff blocked Madison's access to his account on May 1, 2025, thereby preventing Madison from making the agreed upon ACH withdrawals and, as such, defaulting under the terms of the agreement. *See* Decl. of Charles Wegner, CEO of Madison, ¶10. Additionally, as Plaintiff himself substantiates in his complaint, the harm alleged is purely monetary and therefore cannot be the sole basis to establish irreparable harm. (ECF #10, ¶ 135).

Beyond this, Plaintiff's references to Madison's actions which he seeks to restrain are speculative and conclusory. *Id.* at ¶55. He fails to provide any evidence substantiating harm which could be prevented by the Court's exercise of injunctive relief against Madison as to himself or to Emjai. *Id.* at ¶135. As stated above, Madison has no access to Plaintiff's account, as Plaintiff intentionally blocked Madison. *See* Decl. of Charles Wegner, ¶10. Madison is also already at the judgment stage of litigation against Plaintiff, which makes his claim for injunctive relief on the

basis of preserving evidence moot and unpersuasive. Ex. 4, Judgment filed by Madison Advance LLC in NY State Court (Index No. 515088/2025).

Additionally, Plaintiff fails to demonstrate that Madison has attempted to enforce its New York judgment for $26,470.96, nor does he establish that enforcement would cause irreparable harm. Madison initiated its action against Plaintiff in New York on May 6, 2025. Ex. 2, Verified Compl. filed by Madison Advance LLC in NY State Court (Index No. 515088/2025). Plaintiff failed to appear or defend himself or Emjai in that suit, resulting in the entry of judgment against him on June 12, 2025. *Id.* Accordingly, Plaintiff's request for this Court to enjoin Madison from enforcing its judgment is moot. The record now shows Madison can collect valid debt owed to it and enforce that debt through New York statutory post-judgment remedies and UCC secured party rights.

**2. Plaintiff Failed to Show a Likelihood of Success on the Merits.**

To be entitled to an injunction, a plaintiff must demonstrate a likelihood of success on the merits "in light of the presumptions and burdens that will inhere at trial on the merits." *A&M Records, Inc. v. Napster, Inc.* 239 F.3d 1004, 1015, fn. 3 (9th Cir. 2001).

Plaintiff's claim for injunctive relief also fails as a matter of law because he cannot show there is a likelihood of success on the merits for any of his claims. Plaintiff's allegations against Madison are conclusory and lack admissible evidence. (ECF 10, ¶13). While Plaintiff's prose may be direct and imaginative, he has ultimately failed to offer any evidence that Madison engaged in "fraud", "collusion", or any other schemes. (ECF 10, ¶50).

Plaintiff knowingly entered into the agreement with Madison, in which it purchased the rights to Emjai's future receivables. Ex. 1, MCA Agreement dated March 20, 2025. The agreement expressly states its total value, including a breakdown of the agreed-upon amount of $37,475.00. *Id.* In the agreement Plaintiff consented to periodic ACH withdrawals by Madison until the

KAEMPFER CROWELL

$37,475.00 was fully paid off. Plaintiff intentionally defaulted under the agreement when he blocked Madison from withdrawing the agreed-upon funds out of his account. And Plaintiff, as guarantor of the agreement, failed to pay the agreement's remaining balance, resulting in Madison exercising its contractual rights through UCC lien notices and commencement of a breach of contract action on notice to Emjai and Plaintiff.

Moreover, Plaintiff alleges that the agreement is "usurious," but fails to acknowledge that this agreement is governed by New York law. Plaintiff's citation to New York law is incorrect and unsupported, as New York courts do not consider Madison's agreement to be a loan. *Principis Capital Llc v. Gold*, No. 600362/2021, 2021 N.Y. Misc. LEXIS 9265, at *3 (Sup. Ct. Dec. 21, 2021); *see also LG Funding, LLC v. United Senior Props. of Olathe, LLC*, 2020 NY Slip Op 01607, ¶ 1, 181 A.D.3d 664, 664, 122 N.Y.S.3d 309, 311 (App. Div. 2nd Dept.).

### 3. The Balance of Equities Does Not Favor Plaintiff.

First and foremost, Plaintiff does not have standing to bring a claim for injunctive relief on behalf of an unnamed party, Emjai. Second, Madison paid the agreed purchase price for the future receivables to Emjai and thereby fulfilled all its agreement obligations. Ex. 2, Verified Compl. filed by Madison Advance LLC in NY State Court (Index No. 515088/2025). It was Plaintiff who breached the agreement with Madison by blocking Madison from continued access to the account necessary to withdraw repayment. Ex. 2, Verified Compl. at ¶10. Plaintiff had every opportunity to appear and defend the action on these same facts in the New York breach of contract action but failed to do so. Ex. 3, Affirmation of Service and Notice of Default Judgment in NY State Court (Index No. 515088/2025). It was his failure which led to the entry of judgment in Madison's favor. Ex. 4, Judgment filed by Madison Advance LLC in NY State Court (Index No. 515088/2025). Plaintiff has clearly failed to show injunctive relief is necessary or warranted and therefore this Court must deny Plaintiff's request for such relief.

**B. The Forum Selection Clause in the Merchant Agreement Requires Transfer to the Southern District of New York or Dismissal under Fed. R. Civ. P. 12(b)(3) for Improper Venue.**

As this Court recently acknowledged that: "Forum selection clauses are considered prima facie valid. They should be given controlling weight in all but the most exceptional cases." *Howard v. Snap Inc.*, Case No. 2:24-cv-01262-APG-EJY, 2024 U.S. Dist. LEXIS 210615, *2-3, 2024 WL 4839751 (D. Nev. Nov. 19, 2024) (internal quotation and citation omitted). *See also SmarterSwipe, Inc. v. Navarrete*, 2:24-cv-00299-CVS-MDC, 2024 U.S. Dist. LEXIS 198690, *5 2024 WL 5007294 (D. Nev. Oct. 31, 2024) (recognizing that selection clauses "represent the parties' agreement as to the most proper forum" and, having been bargained for by the parties, "protects their legitimate expectations and furthers vital interests of the justice system." (internal quotation and citation omitted).

Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under 28 U.S.C. § 1404(a), a court may transfer a case "for the convenience of parties and witnesses, in the interest of justice" to any district where the action might have been properly brought, whether or not venue is proper where initially filed. Whereas relief under § 1406(a) is imperative if a case is filed in an improper venue, under § 1404(a) the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The agreement contained a provision titled "Binding Effect, Governing Law, Venue and Jurisdiction", Section 20, which provided the following terms:

> "This Agreement shall be binding upon and inure to the benefit of Seller, Buyer, Guarantor and their respective successors and assigns, except that neither Seller nor Guarantor shall have the right to assign its respective rights hereunder or any

interest herein without the prior written consent of Buyer which consent may be withheld in Buyer's sole discretion. Except as set forth in the Arbitration section, this Agreement shall be governed by and construed in accordance with the laws of the state of New York, without regard to any applicable principles of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach of this Agreement, shall, if Buyer so elects, be instituted in any court sitting in New York, (the "Acceptable Forums"). Each Seller and Guarantor agrees that the Acceptable Forums are convenient to it, and submit to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. **Should such proceeding be initiated in any other forum, each Seller and Guarantor waives any right to oppose any motion or application made by Buyer to transfer such proceeding to an Acceptable Forum.** Unless prohibited by law, Buyer, Seller and Guarantor further agree that the mailing by certified or registered mail, return receipt requested, of any process required by any such court will constitute valid and lawful service of process against them, without the necessity for service by any other means provided by statute or rule of court, but without invalidating service performed in accordance with such other provisions."

*See* Ex. 1, MCA Agreement dated March 20, 2025 (emphasis added).

As the agreement states, the acceptable venue to bring suit arising under or pertaining to "interpretation, performance or breach" of the agreement is New York. *See* Ex. 1, MCA Agreement dated March 20, 2025 at ¶20.

The facts of Plaintiff's complaint clearly concerns interpretation, performance, and breach of the agreement. (ECF at ¶50). Plaintiff alleges in its complaint that Madison committed fraud by entering into an agreement to buy Emjai's future receivables for an agreed upon price. *Id.* Plaintiff argues the agreement is a disguised usurious loan that Madison coerced him to enter. *Id.* at ¶110. Plaintiff identifies no alleged fraud or misconduct beyond the four corners of the agreement, which, as outlined above, establishes as a matter of law that the transaction does not constitute a loan or an unconditional guaranty of $37,475.00 in financing. Because his claims against Madison concern the agreement, Plaintiff's complaint should have been filed in New York. Ex. 1, MCA Agreement dated March 20, 2025.

The facts of this dispute clearly show this case must be brought pursuant to the New York

forum selection clause both in observance of well-established case law and for the sake of equity. Pursuant to the forum selection clause, Madison brought suit against Plaintiff in New York state court, and obtained default judgment. Ex. 4, Judgment filed by Madison Advance LLC in NY State Court (Index No. 515088/2025). Not only is the already filed New York state case based on the same agreement, but it contained the necessary parties, including Emjai. This Court should, for the purposes of judicial economy and equity, respect the chosen jurisdiction of the parties in deference to the New York court. This Court must reject Plaintiff's attempt to undermine the forum selection clause and either dismiss the suit pursuant to 28 U.S.C. § 1406(a), and Fed. R. Civ. P. 12(b)(3) or transfer this suit pursuant to 28 U.S.C. § 1404(a) to the proper forum for consideration of Plaintiff's motion for injunctive relief and adjudication of the complaint.

## CONLCLUSION

For the foregoing reasons, this Court should deny Plaintiff's request for injunctive relief and dismiss Plaintiff's claims for improper venue, or in the alternative, transfer venue to the United States District Court in the Southern District of New York.

DATED: June 13, 2025                    KAEMPFER CROWELL

By: /s/ Isabella Goldsmith
Louis M. Bubala III, No. 8974
Isabella Goldsmith, No. 16870

*Attorneys for Defendant Madison Advance LLC*

## INDEX OF EXHIBITS

| Exhibit | Description | Bates |
|---|---|---|
| A | Declaration of Carles Wegner | Exhibit A_001–003 |
| 1 | MCA Agreement dated March 20, 2025 | Exhibit 1_001–015 |
| 2 | Verified Complaint filed by Madison Advance LLC in NY State Court (Index No. 515088/2025) | Exhibit 2_001–010 |
| 3 | Affirmation of Service and Notice of Impending Default Judgment NY State Court (Index No. 515088/2025) | Exhibit 3_001–002 |
| 4 | Judgment NY State Court (Index No. 515088/2025) | Exhibit 4_001–003 |

KAEMPFER CROWELL

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Kaempfer Crowell, that I am over the age of 18 and not a party to the above-referenced case. I further certify that on Friday, June 13, 2025, the following document was filed and served as indicated below.

**OPPOSOTION TO: --MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 6] AND --MOTION FOR PRELIMINARY MOTION [DKT. 7]; AND CROSS-MOTION TO DISMISS FOR IMPROPER VENUE**

___   **BY NOTICE OF ELECTRONIC FILING** through Electronic Case Filing System of the United States District Court for the District of Nevad, to the individuals and/or entities at their email addresses as set forth below:

_X_   **BY ELECTRONIC MAIL**, based upon this Court's order to the parties to accept service by email, to the individuals and/or entities at their addresses as set forth below:

Marcus Caruso, emjaillc@gmail.com

_X_   **BY U.S. MAIL**: first class postage prepaid, to the individuals and/or entities at their addresses as set forth below:

Marcus Caruso
708 Nevada Way
Boulder City, NV 89005

I declare under the penalty of perjury that the foregoing is true and correct.

DATED Friday, June 13, 2025

/s/ Bonnie Jacobs
Bonnie Jacobs
An employee of Kaempfer Crowell